NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                       :
FRANCISCO VILLEGAS,                    :
                                       :  Civil Action No. 12-4457 (RMB)
              Petitioner,              :
                                       :
         v.                            :        **OPINION**
                                       :
CHARLIE WARREN, et al.,                :
                                       :
              Respondents.             :
_____:


     This matter comes before the Court upon Petitioner's § 2254

petition, see Docket Entry No. 1, which is being read in light of

his two latest motions.  See Docket Entries Nos. 24 and 26.

     Petitioner is a state inmate currently confined at the New

Jersey State Prison, New Jersey.  He has been challenging his

conviction rendered in 1995 by the Superior Court of New Jersey,

Law Division.  See Docket Entry No. 1, at 2.  In fact, Petitioner

already challenged the very same conviction in Villegas v.

Hendricks ("Villegas-I"), Civ. Action No. 04-3222 (RMB) (D.N.J.)

(filed on July 6, 2004; term. on September 27, 2006).  There,

this Court dismissed his § 2254 application as untimely, while

noting that: (a) Petitioner was asserting actual innocence;[1] and

_____

     [1]  Specifically, Petitioner asserted that "newly discovered
evidence arose in February 1997, when [a certain person] visited
Petitioner in prison and told him that . . . her husband (and
Petitioner's friend) had confessed to the murder [underlying
Petitioner's conviction] three weeks before he died on July 15,
1995."  Villegas-I, Docket Entry No. 19, at 15.

(b) the Court of Appeals was yet to rule on "whether a showing of
actual innocence [was] grounds for equitable tolling." Villegas-
I, Docket Entry No. 19, at 15. Employing, therefore, the
umbrella test set forth in House v. Bell, 547 U.S. 518 (2006),
the Court addressed the facts of Petitioner's conviction and this
newly discovered evidence, as adjudicated on the merits by the
state courts during Petitioner's post-conviction review ("PCR")
proceedings, and found that Petitioner failed to demonstrate
actual innocence within the test posed in House. See Villegas-I,
Docket Entry No. 19, at 18 ("Significantly, Petitioner's newly
discovered evidence does not call into question the eyewitness
testimony of [the witness] who testified that he was six inches
away from Petitioner's face when Petitioner shot his father").
Thus, the Court found equitable tolling unwarranted, dismissed
the Villegas-I petition as untimely and declined to issue a
certificate of appealability. See id., Docket Entry No. 20.

Petitioner appealed, and the Court of Appeals also denied
him certificate of appealability. See id., Docket Entries Nos.
22 and 24; accord Villagas v. Hendricks, USCA Index No. 06-4499.

Four years passed by. On July 5, 2012, the Clerk received
Petitioner's another § 2254 application; that submission gave
rise to the matter at bar. See Instant Matter, Docket Entry No.
1. Petitioner followed that application with numerous motions,
e.g., his motion for an order to show cause as to why habeas

relief should not be granted, see id., Docket Entry No. 2, motion

for a "default judgment," see id., Docket Entry No. 5, a document

titled, "Motion for Lack of Jurisdiction and Failure to State a

Claim Upon [Which] Relief Can Be Granted," id., Docket Entry No.

10 (effectively seeking a "default judgment" on the grounds that

Respondents did not answer his petition, even though Respondent

were not ordered to answer it), another document titled, "Amended

Motion for Relief from Orders," yet another document titled,

"Motion for Rehearing," id., Docket Entries Nos. 12 and 12-1, one

more document titled "Motion of No Formal Opposition," id. Docket

Entry No. 14 (seeking, again, a "default judgment" on the grounds

that Respondents did not answer his petition in this matter, even

though they were never ordered to do so), etc.  All these motions

were denied.  See id., Docket Entry No. 21.

Upon that development, Petitioner filed two new motions;

they are the ones at bar.  One concedes that Petitioner is aiming

to file a second/successive § 2254 application; therefore, it

requests transfer of this application to the Court of Appeals.

See id., Docket Entry No. 24.  The other asserts that all

submissions filed by Respondents should be stricken from the

docket on the grounds of the Federal Rules of Civil Procedure

10(c) and 12(b).  See Docket Entry No. 26.[2]

---

[2]  The Federal Rules of Civil Procedure govern civil
actions, while the Habeas Rules govern habeas actions, as the one
at bar.  Thus, Petitioner's motion seeking to strike Respondents'

3

A prisoner may not file a second/successive § 2254 petition unless he first obtains an order from the appropriate circuit court authorizing the district court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A).  Absent such authorization, the district court lacks jurisdiction to address the merits of such a petition.  See 28 U.S.C. § 2244(b)(4); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631"); United States v. Enigwe, 1998 U.S. Dist. LEXIS 15149 (E.D. Pa. Sept. 28, 1998)("AEDPA's. . . provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward")(citations omitted).  Therefore, the petition filed in the instant matter must be dismissed for lack of subject matter jurisdiction.

However, since nothing in the language of Section 2244(b)(3)(A) prevents any litigant, Petitioner included, from making an application for leave to file a second/successive § 2254 petition, this Court has no reason to deny Petitioner's request to construe his petition filed in the instant matter as

submissions will be dismissed.

Petitioner's application for leave from the Court of Appeals

erroneously filed in this District.  Correspondingly, the Court

has no basis to deny "transfer[ing] it [accordingly,] pursuant to

28 U.S.C. § 1631."  <u>Johnson</u>, 313 F.3d at 139.[3]

For the foregoing reasons, Petitioner's motion, docketed as

Docket Entry No. 26, will be denied, while Petitioner's other

motion, docketed as Docket Entry No. 24, will be granted.

This Court's prior order, directing Respondents' answer,

will be withdrawn.[4]

---

[3]  The Court, however, stresses that its decision to direct
transfer is based solely on Petitioner's filing of his instant
petition in the forum of incorrect jurisdiction.  No statement in
this Opinion or the Order filed herewith shall be construed as
this Court's position that Petitioner's challenges are
substantively meritorious or that he should be entitled to
equitable tolling.

[4]  While it has been apparent to this Court that
Petitioner's § 2254 application at bar was second/successive <u>ab
initio</u> and, hence, fell outside this Court's subject matter
jurisdiction, the Court found it warranted to direct Respondents'
answer in light of the then-already-certified-for-resolution
<u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924 (2013).  In <u>McQuiggin</u>, an
inmate filed a § 2254 petition more than eleven years after his
conviction became final; he was claiming he was innocent and
received ineffective assistance of counsel during his trial, and
he submitted three affidavits signed by witnesses that supported
both his claims. The district court in <u>McQuiggin</u> found that, even
if the affidavits could qualify as newly discovered evidence, the
inmate could not qualify for equitable tolling since he obtained
the last affidavit in 2002 but filed his petition only in 2008.
The Sixth Circuit reversed, finding that, while the inmate's
petition was untimely, his claim of actual innocence was <u>per</u> <u>se</u>
sufficient to allow him litigation on the merits, as if his
petition was timely.  The Supreme Court vacated.  On one hand,
the Supreme Court rejected the State's blanket argument that all
habeas petitioners seeking equitable tolling had to establish

An appropriate Order follows.

                                         s/Renée Marie Bumb
                                           **RENÉE MARIE BUMB**
                                           **United States District Judge**

Dated: December 11, 2013

---

diligence to cross a federal court's threshold, regardless of whether or not they were asserting a convincing actual-innocence claim. On the other hand, the Supreme Court found that it was an error to adopt the per se rule and completely disregard the issue of timing from evaluating the reliability of the affidavits. In light of the distinctions between Petitioner's claim and that addressed in McQuiggin, the Court found it prudent to flesh out the parties positions prior to dismissing this matter for lack of subject matter jurisdiction and transferring it to the Court of Appeals upon construing the petition at bar as an application for leave to a second/successive § 2254 petition incorrectly filed in this District. However, since Petitioner has moved for transfer, the Court's order to answer has become superfluous. Thus, it will be withdrawn. That being said, the Court notes the difference between the affidavits submitted in McQuiggin and Petitioner's position based on a single hearsay statement, which amplified the timeliness concerns and introduced additional doubts as to its reliability in light of the McQuiggin holding.